IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RISIKATU MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | |
| SIMMONS BEDDING COMPANY, | ) | |
| LLC | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Risikatu Marshall ("Ms. Marshall"), and hereby files this Complaint against Simmons Bedding Company, LLC ("Defendant"), showing the Honorable Court as follows:

## INTRODUCTION

This is an action for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §201 *et seq.* Ms. Marshall also asserts a claim for unpaid wages for time worked in excess of her regularly scheduled and agreed upon hours.

## PARTIES

1.

Ms. Marshall is a resident of the State of Georgia. Ms. Marshall submits herself to the jurisdiction of this Court.

2.

Simmons Bedding Company, LLC ("Defendant" or "SBC") is a corporation doing business within the State of Georgia and is subject to suits of this kind and nature.  SBC's principal place of business is located at One Concourse Parkway, Suite 800, Atlanta, GA, 30328.  SBC may be served with process by delivering a copy of the Complaint and Summons to its registered agent for service of process, CT Corporation System, 1201 Peachtree St., N.E., Atlanta, Georgia 30361.

## VENUE AND JURISDICION

4.

Venue is proper under 28 U.S.C. §1391(b) and other applicable law. The unlawful employment practices occurred within the Northern District of Georgia.

5.

Defendant regularly conduct business within this State and District.

6.

This Court has jurisdiction over Defendant.

7.

At all times relevant to this suit, Ms. Marshall was an employee of Defendant within the meanings of the FLSA.

8.

At all times relevant to this suit, Defendant was an employer within the meaning of the FLSA. Defendant is an employer of employees "engaged in commerce," employed in an enterprise engaged in commerce," and/or in "the production of goods for commerce" as defined by 29 U.S.C. §203. At all times material to this action, Defendant has had an annual gross volume of sales which exceeded $500,000.

**UNDERLYING FACTS**

9.

Defendant hired Ms. Marshall on or about December 16, 1996. Ms. Marshall's job title during the last three years of her employment with Defendant was Address Book Administrator.

10.

On or about April 27, 2015, Defendant terminated Ms. Marshall's employment. Upon information and belief, Defendant replaced Ms. Marshall with foreign nonimmigrant workers under the U.S. Department of Labor's H-1B

program. Upon information and belief, Defendant classifies the individuals currently performing Ms. Marshall's former job duties as non-exempt employees.

11.

At all times relevant to this action, Ms. Marshall reported to Kelly Robertson, Manager of Treasury Services, who in turn reported to Kevin Odiorne, Vice President of Finance.

12.

Throughout her entire employment, Ms. Marshall was scheduled to work 37.5 hours a week. However, Ms. Marshall routinely worked many hours in excess of 40 per week. At times, Ms. Marshall worked more than 50 hours a week.

13.

Ms. Marshall often worked late and on weekends in order to complete various tasks assigned by her manager. Ms. Marshall's manager also required her to work during sick days, vacation days, and while on FMLA approved leave.

14.

Defendant did not, however, pay Ms. Marshall overtime for hours worked over 40 at 1.5 times her regular rate of pay. Defendant also failed to pay Ms. Marshall straight time for hours worked in excess of her scheduled 37.5 hours per

week. If Ms. Marshall came in late or was out for a doctor's appointment, she was required to make up the missed time or Defendant deducted the time from her pay.

15.

During the relevant time period, Ms. Marshall's primary job duties was data entry. She primarily transferred information from forms and other documents provided to her as directed by her managers. She also followed established procedures and other instructions regarding her job duties.

16.

Ms. Marshall did not supervise other employees as part of her job duties.

17.

Ms. Marshall did not have the authority to hire, fire or otherwise discipline any other employees. Ms. Marshall did not participate in any interviews of potential employees.

18.

Ms. Marshall did not make recommendations to hire, fire or discipline other employees.

19.

Ms. Marshall's supervisor closely monitored her work and controlled the manner in which she performed her duties.

20.

Ms. Marshall did not have the authority to independently make any significant decisions regarding Defendant's operations or business.

21.

None of Ms. Marshall's primary job duties required her to exercise discretion and/or independent judgment; they did not involve the management of an enterprise, department, or subdivision of a department; nor did they require advanced knowledge or education.

22.

On the contrary, Ms. Marshall simply followed instructions and established procedures for completing her job duties.

23.

Ms. Marshall's job duties involved routine, manual and repetitive tasks performed at the direction of others.  As such, Ms. Marshall should have been paid overtime for all hours worked over 40.

24.

Ms. Marshall was a non-exempt employee under the FLSA improperly classified as exempt by Defendant.

25.

Upon information and belief, Defendant has a policy and practice of not paying overtime. Pursuant to this policy and practice, Defendant took actions that were designed to avoid having to pay Ms. Marshall overtime at 1.5 times her regular rate of pay. For example, Ms. Marshall's managers specifically advised her that her job required her to be available 24 hours a day, seven days a week and, as such, Defendant did not keep track of her time.

26.

Defendant's failure to record all hours worked by Ms. Marshall is a violation of the recordkeeping provision of the FLSA. Defendant took these and other actions even though it knew that Ms. Marshall's managers required her to work more than 40 hours per week.

27.

Defendant treated Ms. Marshall as an exempt employee under the FLSA even though it knew that her actual job duties did not legally qualify as exempt work.

28.

In 2004, after learning that it failed to properly pay Ms. Marshall, Defendant agreed to pay Ms. Marshall straight time for all hours worked over 37.5 and 1.5 times her regular pay rate for all hours worked over 40.

29.

On numerous occasions during the past three years, Ms. Marshall inquired about her exempt status and requested overtime at 1.5 times her regular pay rate, and she requested payment for all hours worked in excess of her scheduled 37.5 hours a week.  In response to her inquiries, Ms. Marshall's managers and members of Defendant's Human Resources Department advised her that she was not entitled to any additional pay and that she was required to work as many hours as necessary to complete her job duties.

30.

Defendant willfully violated the FLSA by misclassifying Ms. Marshall as an exempt employee and purposely failing to pay her overtime.  Accordingly, pursuant to 29 U.S.C. § 255, a 3-year statute of limitations applies to such violations.

## COUNT I
## WILLFUL FAILURE TO PAY OVERTIME WAGES

31.

Ms. Marshall incorporates by reference all preceding Paragraphs of the Complaint.

32.

Ms. Marshall was employed by Defendant as a non-exempt employee and should have been paid for all hours worked, including all overtime worked in excess of 40 hours a week.

33.

Ms. Marshall routinely worked in excess of 40 hours a week during the last three years of her employment with Defendant.

34.

The FLSA's overtime requirements apply to Defendant. However, Defendant failed to pay Ms. Marshall any overtime compensation at 1.5 her regular pay rate for all hours worked over 40.

35.

Defendant knew that it misclassified Ms. Marshall as an exempt employee, but failed to correct its error and continued paying her a fix salary without regard

to her overtime hours. Defendant's repeated failures to pay Ms. Marshall overtime constitutes willful violations of the FLSA.

36.

Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff. Among other things, Defendant failed to record or otherwise maintain accurate records of all hours worked by Ms. Marshall. Defendant also failed to correct Ms. Marshall's exempt status after being advised that she was improperly considered as an exempt employee.

37.

As a direct and proximate result of Defendant's conduct, Ms. Marshall is entitled to her unpaid overtime wages, liquidated damages, costs, and attorney's fees as well as the other relief set forth in the Prayer for Relief below.

## COUNT II
## UNPAID WAGES

38.

Ms. Marshall incorporates by reference all preceding Paragraphs of the Complaint.

39.

Throughout the last three years of her employment, Ms. Marshall was scheduled to work 37.5 hours a week. However, Ms. Marshall routinely worked many hours in excess of her scheduled 37.5 hours per week.

40.

Ms. Marshall's agreed upon salary was based on her working 37.5 hours per week. Defendant failed to pay Ms. Marshall straight time for all hours worked in excess of her scheduled 37.5 hours per week.

41.

In 2004, after learning that it failed to properly pay Ms. Marshall, Defendant agreed to pay Ms. Marshall straight time for all hours worked over 37.5. However, over the past three years, Defendant has failed to pay Ms. Marshall straight time for all hours worked over 37.5.

42.

As a direct and proximate result of Defendant's conduct, Ms. Marshall is entitled to her unpaid wages, liquidated damages, costs, and attorney's fees as well as the other relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment against Defendant along with the following relief:

a. Declaratory judgment that Defendant has willfully violated the FLSA;

b. Judgment against Defendant for full back pay for unpaid overtime and all hours worked in excess of Ms. Marshall's scheduled 37.5 hours per week;

c. Judgment against Defendant for liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

d. Judgment against Defendant for attorney's fees and costs of litigation;

e. Judgment against Defendant for prejudgment interest; and

f. Any and all such further relief that this Court or the finder of fact deems equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and other applicable law, Ms. Marshall hereby demands a trial by jury.

Respectfully submitted this 15th day of August, 2015.

                **PRIOLEAU & MILFORT, LLC**


                /s/ Job J. Milfort
                Job J. Milfort, Esq.
                Ga. Bar No. 515915
                job_@pmlawteam.com

                BB&T Building -- Atlantic Station
                271 17th Street, N.W., Suite 520
                Atlanta, Georgia  30363
                (404) 681-4886 (Phone)
                (404) 920-3330 (Facsimile)

                *Attorney for Plaintiff Risikatu Marshall*